In the Matter of LOUIS RAY, Appellant, against BOARD OF REGENTS OF UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents which suspended petitioner's license to practice medicine for a period of six months. The charges contain two specifications which charge, in substance: (1) that petitioner has been convicted of a crime in a court of competent jurisdiction within the meaning of section 6514 (subd. 2, par. [b]) of the Education Law, in that he entered a plea of guilty in Kings County Court to three counts of an indictment, each of which charged him with a misdemeanor for a violation of sections of the Public Health Law; and (2) that petitioner was guilty of fraud and deceit in the practice of medicine within the meaning of section 6514 (subd. 2, par. [a]) of the Education Law, in that he issued prescriptions for narcotic drugs not in good faith, and issued narcotic drugs not in good faith. Petitioner contends that there is no substantial evidence to support the findings made under the specification last above mentioned, and that the punishment is disproportionate to the offense committed. Specifically the petitioner urges that the drug addict who was used by public authorities in obtaining evidence so cleverly feigned illness that providing him with narcotics may not be said to be "not in good faith." Dispensing the narcotics is not denied. The addict was not used as a witness on the trial, but independent evidence, substantial in nature, was offered to establish the charges, and petitioner's own admissions indicated a number of circumstances which did or should have apprised petitioner of the fact that the pretended illness was not genuine. The record contains ample evidence to sustain the findings respecting this specification. Of course the convictions mentioned in the specification first noted above are a matter of record and are not disputed. The subcommittee which heard the evidence and the full Committee on Grievances recommended a suspension of petitioner's license for one year. A suspension of only six months was ordered by the Board of Regents. Fixing of punishment is primarily the function of the Board of Regents, and we see no such abuse of discretion as would warrant court interference. Determination unanimously confirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.